**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SUNGWON HWANG,<br><br>                         Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>                         Defendants. | Case No. 1:24-cv-00559<br><br>**Judge Thomas M. Durkin**<br><br>**Magistrate Judge M. David Weisman** |

**DEFAULT FINAL JUDGMENT ORDER**

This action having been commenced by Plaintiff SUNGWON HWANG ("Hwang" or "Plaintiff") against the defendants identified in the First Amended Schedule A, and using the Defendant Online Marketplace Accounts identified in the First Amended Schedule A (collectively, the "Defendant Internet Stores"), and Hwang having moved for entry of Default and Default Judgment against the defendants identified in the First Amended Schedule A (collectively, "Defaulting Defendants");

This Court having entered a preliminary injunction; Hwang having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Hwang has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e- commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of Hwang's federally registered copyright which is protected by United States Copyright Registration No. VA 2-362-495 (the "Sungwon Hwang Work") to residents of Illinois. In this case, Hwang has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using infringing versions of the Sungwon Hwang Work. *See* Docket No. [16], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Sungwon Hwang Work.

This Court further finds that Defaulting Defendants are liable for willful federal copyright infringement (17 U.S.C. §504).

Accordingly, this Court orders that Hwang's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Final Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. Using the Sungwon Hwang Work or any reproductions, unauthorized copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Hwang product or not authorized by Hwang to be sold in connection with the Sungwon Hwang Work;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Hwang product or any other product produced by Hwang, that is not Hwang's or not produced under the authorization, control, or supervision of Hwang and approved by Hwang for sale under the Sungwon Hwang Work;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Hwang, or are sponsored by, approved by, or otherwise connected with Hwang; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Hwang, nor authorized by Hwang to be sold or offered for sale, and which bear any of Hwang's copyrights, including the Sungwon Hwang Work, or any reproductions, infringing copies or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such Amazon Payments, Inc. ("Amazon") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

   a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods using the Sungwon Hwang Work; and

   b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Sungwon Hwang Work or any reproductions, infringing copies or colorable imitations thereof that is not a genuine Hwang product or not authorized by Hwang to be sold in connection with the Sungwon Hwang Work.

3. Upon Hwang's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the Sungwon Hwang Work.

4. Pursuant to 17 U.S.C. § 504 (c)(2), Hwang is awarded statutory damages from each of the Defaulting Defendants in the amount of one hundred thousand dollars ($100,000) for willful use of infringing Sungwon Hwang Work on products sold through at least the Defendant Internet Stores. This award shall apply to each distinct Defaulting Defendant only

      once, even if they are listed under multiple different aliases in the Complaint and First Amended Schedule A.

5. Any Third Party Providers holding funds for Defaulting Defendants, including Amazon, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Amazon, are hereby released to Hwang as partial payment of the above- identified damages, and Third Party Providers, including Amazon, are ordered to release to Hwang the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Hwang has recovered full payment of monies owed to it by any Defaulting Defendant, Hwang shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Hwang identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Hwang may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants By e-mail at the e-mail addresses identified in Exhibit 2 to the Declaration of Sungwon Hwang and any e-mail addresses provided for Defaulting Defendants by third parties.

9. The eleven thousand dollar ($11,000) ($1,000 per defendant) surety bond posted by Hwang is hereby released to Hwang or Plaintiff's counsel, Keith Vogt Ltd., 33 West Jackson Boulevard, #2W, Chicago, Illinois, 60604. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Hwang or Plaintiff's counsel.

This is a Default Final Judgment.

Dated: March 13, 2024

_Thomas M Durkin_

Thomas M. Durkin
United States District Judge

**First Amended Schedule A**

| No. | Defendants |
|---|---|
| 1 | LJWSTORESONG |
| 2 | kyaye |
| 3 | guangzhoufenzhishangmao |
| 4 | JILLIAN C.ADAMS |
| 5 | Kaizen Global Distribution |
| 6 | hongmenghuaishangmao |
| 7 | anqingshenqiangshangmaoyouxiangongsi |
| 8 | Horsssome |
| 9 | cuenong |
| 10 | ▮▮▮ |
| 11 | ▮▮▮ |